UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ART ZULU, INC.,

                                                                                                  05-CV- 8735 (BSJ)

                                 Plaintiff,

     -against-

IMPULSE WEAR, INC.
d/b/a EARTH TONES TRADING CO.,

                               Defendant.
----------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS


I.     BACKGROUND

     A.    Facts Of The Case

On or about July, 2005, Lora Flaugh, the principal of Art Zulu, had contact with Earth Tones Trading Company, L.L.C. in Franklin County, Ohio about providing services to Earth Tones through Art Zulu. Affidavit of Larry Levine ("Levine Affidavit") at ¶ 3, attached as Ex. A to Certification Of Adam J. Rader ("Rader Certification"). Flaugh and an associate flew to Columbus, Ohio to meet with Earth Tones personnel regarding the creation of a new and original line of

clothing. Id. Flaugh represented that Art Zulu would be able to create such a line of clothing. Id.

In reliance upon those representations, Earth Tones entered into a contract with Art Zulu whereby Earth Tones would pay Art Zulu to provide it with unique designs for its clothing and apparel. Id., at ¶ 4. Earth Tones paid Art Zulu $40,000 pursuant to the contract and incurred further significant costs in development of the clothing line. Id. Art Zulu ultimately provided Earth Tones clothing and goods that Lora Flaugh represented were unique. Id., at ¶ 5. Earth Tones learned, however, that the designs sold to it were, in fact, copies of clothing and merchandise already available in the marketplace. Id. Earth Tones does not and will not sell copied merchandise. Id.

Upon learning that the designs were not unique or original, Earth Tones immediately suspended all sales of the Art Zulu provided merchandise and escorted Lora Flaugh from its sales booth in Las Vegas. Lora Flaugh returned later that day and without authority, wrongfully took merchandise owned by Earth Tones including boots, jeans, tops, jackets, and shirts in an effort to cover up her wrongful conduct.

B. **Procedural History**

On September 12, 2005, Earth Tones filed a lawsuit in Franklin County, Ohio Common Pleas Court against Art Zulu and Flaugh asserting claims for

conversion, fraud, unjust enrichment and breach of contract. See, Complaint filed on September 12, 2005 by defendant Earth Tones in the Common Pleas Court, Franklin County, State of Ohio, attached as Exhibit B to Rader Certification. A summons was issued and an attempt was made to serve Art Zulu and Flaugh by certified mail. On September 22 and 23, 2005, Art Zulu and Flaugh refused the certified mail service. Certified copies of the certified mail receipts are attached as Exhibit C to Rader Certification.

In response to the Ohio lawsuit, on September 21, 2005, Art Zulu filed this action in New York State Court [See, certified copy of New York lawsuit attached as Exhibit D to Rader Certification] and served Earth Tones' officer, Larry Levine. Mr. Levine, an Ohio resident, was in New York at a trade show on the date the suit was filed and served. Levine Affidavit at ¶ 2, Exhibit A to Rader Certification.

On September 23, 2005, Earth Tones' attempt to serve the Ohio action by personal service was refused by Art Zulu and Flaugh. See Affidavit of Darren Hinds and process papers attached as Exhibit E to Rader Certification. On October 14, 2005, the New York action was removed to this court. On October

17, 2005, Earth Tones obtained service on Art Zulu and Flaugh via regular U.S. mail.[1]

The same facts that form the basis for Art Zulu's claims against Earth Tones in this case are the basis for Earth Tones' claims against Art Zulu and Flaugh in the Franklin County action. The ultimate issue is the same – who breached the contract entered into between the parties and what damages flow from that breach. Moreover, unlike this case, the Franklin County, Ohio action includes all of the parties which are required for this action to proceed (Earth Tones, Art Zulu and Flaugh).

---

[1]   Ohio Civ.R. 4.3 (B) covers methods for out-of-state service of process and provides that service may be made by certified mail or personal service. Ohio Civ.R. 4.6(C) covers how to obtain service when it has been refused (as both certified mail and personal service have been in this case):

> If service of process is refused, and the certified or express mail envelope is returned with an endorsement showing such refusal, or the return of the person service process states that service of process has been refused, the clerk shall forthwith notify, by mail, the attorney of record . . . If the attorney, or serving party, after notification, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. . . . Service shall be deemed complete when the fact of mailing is entered of record.

The certified copy of the ordinary mail service stub and the Franklin County docket sheet are attached as Ex. F to the Rader Certification and confirm that service was issued and, pursuant to Ohio Civ. R. 4(C), is deemed to have been completed on October 17, 2005.

II.   **APPLICABLE LAW**

Under the Federal Court's "first filed" rule, this case should be dismissed. In <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128 at 132 (S.D.N.Y. 1994) this court confirmed that "where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first filed' rule whereby the court which first has possession of the action decides it." It is undisputed that the Ohio action was pending between the same parties for the same cause of action at the time the New York action was filed.

A.   **The Ohio Action Was Filed First**

Any analysis begins with the issue of which proceeding has time priority. At the time this action was filed, the Franklin County Common Pleas Court action was pending. Generally, there is a strong presumption in favor of the forum of the first-filed suit. <u>Id.</u> citing <u>New York v. Exxon Corp.</u>, 932 F.2d 1020 (2d Cir. 1991). This case properly could have been brought in either forum (Ohio or New York). When the Franklin County action was filed first, however, it acquired jurisdiction of the complete subject matter of the action and has priority absent a showing of a balance of convenience or special circumstances giving priority to the second suit. <u>Id.</u> citing <u>Ivy-Mar Co., Inc. v. Weber-Stephen Products Co.</u>, 1993 WL 535166 at pg.1.

B.  **The Factors Creating Special Circumstances Favor Dismissal Of This Action**

Even though the burden is on Art Zulu to establish special circumstances justifying an exception to the "first filed" rule, the evidence strongly confirms that no such special circumstances exist.

The factors to be considered in determining whether special circumstances exist to provide an exception to the first filed rule are: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Id. at 133.

1.  **Location of Witnesses and Evidence Favors Ohio**

The location of witnesses and evidence is a major factor to be considered in the evaluation. Frasca v. Yaw, 787 F. Supp. 327, 331 (E.D.N.Y. 1992). To the extent that this factor favors one state it would be Ohio. The three major players involved in the transaction are Lora Flaugh, Larry Levine and Scott Briskie. Levine Affidavit at ¶ 6, Exhibit A to Rader Certification. Mr. Levine and Mr. Briskie are located in Ohio. Id. In addition, one of the issues in this case is the

conduct of Ms. Flaugh at the Las Vegas show. Most of the witnesses who will testify as to her conduct at that show are located in Ohio. Id.

Most, if not all, of the documents regarding this matter are located on both the Art Zulu and Earth Tones computer systems located in New York and Ohio respectively. Id. at ¶ 7. However, the documents supporting Earth Tones damage claim are in Ohio. Id. And the pieces of merchandise sold by Art Zulu and Ms. Flaugh are in the possession of Earth Tones in Ohio. Id. at ¶ 8. Those pieces of merchandise are critical in proving Ms. Flaugh's creations were not original. Id.

Therefore, even though many of the documents are located in both Ohio and New York, the concentration of witnesses in Ohio militates in favor of dismissing this action.

2. **Convenience of the Parties Is Equal**

Earth Tones is located in Ohio Id. at ¶ 2 and Art Zulu is located in New York. Whatever weight is given to convenience is equal to both sides. Id. at ¶ 9.

3. **The "Locus of Operative Facts" Favors Ohio**

Ms. Flaugh came to Ohio for this business transaction and while there visited Earth Tones for multiple days, engaged in negotiations, made representations regarding the type of line of clothing that she would produce and left Ohio with the assignment of creating a clothing line for Earth Tones. Id.

7

at ¶ 3. Most of the other facts relevant to this litigation took place over the phone, through e-mails, in the country of India or Las Vegas. Id. at ¶ 10. Therefore, to the extent that the operative facts have connection to a forum, they would tend to favor Ohio.

### 4. Both Parties Are Corporations Which Does Not Favor Either Party

Both Earth Tones and Art Zulu are corporations which does not create the disparity which a court would look to in determining whether special circumstances exist. 800-Flowers, *supra* at 135.

### 5. Earth Tones' Choice of Forum Favors Dismissal

The interest analysis for the first to file rule includes consideration of the same factors considered for a transfer motion. Id at 133. In a motion to transfer, Earth Tones' choice of forum would be given significant weight and would not be disturbed, unless the balance weighed strongly in favor of granting the transfer. Id. at 135 citing Seagoing Uniform Corp. v. Texaco, Inc. 705 F. Suppp. 918, 936 (S.D.N.Y. 1989). The weight normally accorded the plaintiff's choice of forum would be diminished where it chose a forum which was neither its home nor where the cause of action accrued. Id. at 135. In this case, Earth Tones filed the lawsuit in its home county and where the cause of action accrued Id. at 135. Therefore, this factor weighs strongly in favor of dismissal.

6.  **Practical Issues and Issues of Justice Favor Dismissal**

Courts of this Circuit have endorsed the strong public policy favoring litigation of related claims in one forum so that discovery can proceed expeditiously and without duplication of evidence and witnesses. Id. at 135-6 citing Wyndham Associates v. Bintliff, 398 F.2d 614, 619 (2d. Cir.) cert. denied, 393 U.S. 977 (1968). Both cases involve the same facts and parties and are for damages arising out of one contract. There is no good reason for there to be two separate actions. To allow both cases to proceed simultaneously creates a waste of judicial resources and a risk of conflicting adjudications.

While all of the parties in the New York action are included in the Ohio action, there is one party in Ohio that is not in the New York case -- Lora Flaugh. The Ohio action is therefore a more complete case in terms of the parties and should be the one to proceed.

Just as important, there is no prejudice to Art Zulu of proceeding in Franklin County. It will have an opportunity to pursue all of its claims against Earth Tones in that action.

7.  **The Forum's Familiarity With the Governing Law and The Availability of Process To Compel Witnesses Is Equal**

Both this court and the Ohio court are familiar with basic contract, conversion and fraud law and will have the power to compel witness attendance. Therefore, these factors do not weigh in either parties favor.

III.   CONCLUSION

It is undisputed that the Ohio action was filed before this action. Under this court's prior decisions, there is a strong presumption in favor of allowing the controversy to be determined in the forum where it was first filed. Since no special circumstances exist justifying divergence from this rule, the first filed rule should be followed and this case should be dismissed.

Dated: New York, New York
       November 7, 2005

> Respectfully submitted,
>
> LACHER & LOVELL-TAYLOR.
>
> By: _____
> Adam J. Rader (AR-3530)
> Attorneys for Defendant
> 750 Lexington Avenue
> New York, New York 10021
> (212) 872-1500

### CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served, via ordinary U.S. mail, first class postage pre-paid, this 7th day of November, 2005 to the following:

Joel Stern, Esq.
Carb, Luria, Cook & Kufeld, LLP
521 Fifth Avenue, 9th Floor
New York, New York  10175

_____
Adam J. Rader