11/21/2005 (3:34PM) jss
flaugh,lora\district\order2show-cause

As and For a Motion before Hon. Barbara S. Jones,
United States District Court for the Southern
District of New York, 40 Centre Street, New York,
New York on the _____ day of November, 2005

Present:        Hon. Barbara S. Jones
                United States District Judge

-----------------------------------------------------------X

ART ZULU, INC.,                         :          05-CV-8735 (BSJ)

                    Plaintiff,          :

            - against -                 :          **ORDER TO SHOW CAUSE**

IMPULSE WEAR, INC.                      :
d/b/a EARTH TONES TRADING CO.,
                                        :

                    Defendant.
-----------------------------------------------------------X

Upon the reading and filing the annexed affidavits of Joel S. Stern, Esq. and Lora Flaugh,

and the Exhibits annexed thereto, both sworn to on November 18, 2005, and all of the pleadings

and proceedings heretofore had herein,

Let defendant show cause before at a motion part of this Court to be held before Hon.

Barbara S. Jones on the 7th day of December, 2005, at 10:00 a.m. or as soon thereafter as counsel

can be heard, as to why an Order should not be entered staying the Ohio action and providing

that this action proceed in this Court; and its

ORDERED that the Ohio action be and the same is hereby stayed pending the hearing

and determination of this motion; and it is

ORDERED, that service of this Order upon the attorney for the defendant, LACHER &

LOVELL-TAYLOR, 750 Lexington Avenue, New York, New York 10021 (212) 872-1500, on

or before November ___, 2005 be deemed good and sufficient service.


ENTERED:


_____

Hon. Barbara S. Jones
United States District Judge

11/17/2005 (10:13AM) jss
flaugh,lora\district\jss-11-17-affidavit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ART ZULU, INC.,                              :        05-CV-8735 (BSJ)

                        Plaintiff,           :

            - against -                       :        **AFFIDAVIT**

IMPULSE WEAR, INC.                           :
d/b/a EARTH TONES TRADING CO.,
                                             :
                        Defendant.
-------------------------------------------------------------X

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK  )

        JOEL S. STERN, being duly sworn, says:

1.      I am a member of Carb, Luria, Cook & Kufeld LLP, attorneys for the plaintiff herein and

        make this affidavit in support of plaintiff's motion to stay the Ohio action and in

        opposition to defendant's motion to dismiss this action.

2.      Plaintiff is also requesting a stay of the action commenced in Ohio pending the hearing

        and determination of the pending motions because we believe the facts and law mandates

        that the dispute between the parties be tried in this jurisdiction.

3.      This action was commenced in the Supreme Court of the State of New York and removed

        by defendant to this Court on the basis of diversity of citizens of two different states.

4.      Our New York action was filed and personally served on the defendant on September 21,

-1-

2005. A copy of the summons and complaint in the New York action and the affidavit of service is annexed as Exhibit "1" and "2" respectively.

5.   Defendant filed a complaint in Ohio on September 12, 2005 - nine (9) days prior to our filing and serving our summons and complaint in New York. A copy of that summons and complaint in the Ohio action is annexed as Exhibit "3".

6.   It should be noted that the summons in the Ohio action does not name Lora Flaugh as a defendant. Her name was added to the complaint in the Ohio action.

7.   It may well be that Ms. Flaugh name was not on the summons because she did not personally transact any business in Ohio or commit any act in Ohio that would confer jurisdiction over her personally.

8.   The contract that gives rise to the parties respective claims was in the name of Art Zulu. Inc.

9.   The only allegation in the defendants Ohio complaint relating to Ms. Flaugh appears in paragraphs 14 and 15 which read as follows:

> (14)  Lora Flaugh returned later that day and without authority, wrongfully took merchandise owned by Earth Tones including boots, jeans, tops, jackets, and shirts in an effort to cover up her wrongful conduct. Further, upon returning she pushed a 61 year-old representative of Earth Tones and made untruthful and inflammatory statements regarding Earth Tones in front of its customers.
>
> (15) As of this date, Lora Flaugh has not returned the wrongfully misappropriated merchandise.

10.   The events referred to in paragraphs 14 and 15 took place in Las Vegas, Nevada and not in Ohio.

11.    What truly troubles me is defendant and its counsel's lack of candor in dealing with me in connection with this litigation.

12.    Subsequent to the service of the summons and complain in the New York action, I had discussion with Impulse Wear counsel Douglas J. Segerman in what I believed was a good faith settlement negotiation.

13.    Defendant's answer in the New York action was required to be served on October 11, 2005.

14.    Based upon our settlement negotiations I gave defendant's counsel an extension of time to serve their answer.

15.    When settlement negotiations broke down and the defendant retained New York counsel to represents them in the New York litigation, I gave them a second extension to serve their answer in the New York action to November 7, 2005.

16.    At no time did either Ohio or New York counsel disclose to me that an action had been filed in Ohio prior to their obtaining the extension of time to serve their answer.  It was clearly defendant's counsel's intent to delay the New York action while advancing the Ohio action.  They have served my office with a plethora of discovery demands in order to advance the Ohio actions discovery, in advance of their serving an answer in the New York action or the making of this motion.

17.    Defendant's counsel never asked me to accept service of process.

18.    The defendant has interposed an affidavit from a process server which suggests that my client was avoiding service.  First, it appears that the process server is not licensed since he does not have his license number on the affidavit.  What is more important is it

appears that he is unfamiliar with the New York law that provides that service of a corporation can be made by serving the Secretary of State.

19.    I requested counsel to extend me the same courtesy I extended them, to wit, maintaining a status quo in the Ohio action until this Court could decide this motion. Mr. Segerman did not have the courtesy to call me but e-mailed me that he would continued to proceed with the Ohio action. A copy of the e-mail is annexed as Exhibit "4".

20.    I believe that plaintiff was looking to stretch the time out so that they could advance their Ohio case while requesting and obtaining adjournments from me. They also prepared a multitude of discovery demands to serve on us, which they have done in the interim

21.    My client's affidavit submitted herewith, will clearly establish that the equities mandate that this action remain in New York.

22.    As can be seen my client is a small business that will be unable to sustain the financial cost of litigating in Ohio.

23.    I submit the Ohio Court cannot obtain jurisdiction of Lora Flaugh. In New York, all parties will before the Court.

24.    No prior application has been made for a stay of the Ohio action in the New York State Court or this Court.

WHEREFORE, it is respectfully request that a stay of the Ohio action be granted and on the return date of these motions the Court continue the stay of the Ohio action, deny the

dismissal of the New York action and grant plaintiff such other and further relief as to this Court

deems just and proper.

JOEL S. STERN

Sworn to before me this

18th day of November, 2005

Notary public

MITCHELL S. ZINGMAN
Notary Public, State of New York
No. 31-4753508
Qualified in New York County
Commission Expires June 30, 2007

-5-

11/17/2005 (11:11 am) jss
flaugh.lora\district\flaugh-11-17-affidavit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ART ZULU, INC.,                          :        05-CV-8735 (BSJ)

          Plaintiff,                  :

    - against -                          :        **<u>AFFIDAVIT</u>**

IMPULSE WEAR, INC.                       :
d/b/a EARTH TONES TRADING CO.,
                                         :

          Defendant.                  :
------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

     LORA S. FLAUGH, being duly sworn, says:

1.    I am the President of the plaintiff corporation, Art Zulu, Inc., and make this affidavit in opposition to defendant's motion to dismiss this action based upon their having filed an action in Ohio 9 days in advance of our filing this action in New York and to seek a stay of the action in Ohio and to let this action in New York proceed to conclusion.

2.    Virtually everything concerning the claims in both actions relate to matters occurring in New York and witnesses located in New York.

3.    I sent a proposal via email about my working with the defendant company to create a line of clothes and a whole concept for the promotion and sale of same, on or about June 30, 2005.

4.    I was in the Far East and with Scott Briskie's authorization, I flew to Japan and stayed there from July 19th until the 21st and shopped for clothing that I could use for inspiration

in the design of the Country Girl line, even though we had not finalized our contract.

5.  I continued to negotiate the contract with the defendants.  Defendant has suggested that the document that represents our agreement was one for $40,000, which did not quantify the number of design styles that I was committing to prepare on behalf of the defendant.

6.  In error, a statement went out without stating the number of designs and was committed to prepare at a contract price of $40,000.  That was never our agreement.  A revised contract was sent which provided for 10 to 12 designs at a contract price of $45,000.  A copy of that document is annexed as Exhibit "5".  The contract and the price was confirmed in an e-mail to me from Scott Briskie, President and Chief Operating Officer. A copy of that confirmation is annexed hereto and marked Exhibit "6".

7.  Upon my return from Japan on July 21, 2005, I set to work on the concept for the clothing collection, the photo shoot and the general look and feel of the brand that they wanted me to develop.

8.  The contract that I was operating under is dated July 18, 2005 and was finally confirmed by Scott Briskie, by an e-mail dated July 29, 2005.  Exhibit "6"

9.  There was some urgency to this matter because of a scheduled show in Las Vegas that was being held on August 27th through the August 31st, 2005.

10. I then worked out the time lines for the travel and the design line for the collection in New York.

11. My one visit to Columbus, Ohio was from July 25th through the 27th at which time I was presenting the concept that I had created in New York and the direction of the line that I was proposing.  We also reviewed the timeliness and logistics of doing the line in New York.

12. That was my only contact in Columbus, Ohio.  I worked from July 28th through August 11, 2005 in New York City to do the concept research, establish trend direction and created all the fashion designs, graphics, packaging and branding.

13. At the same time I also created the Magic Booth concept and sent it all to Ohio.

14. I had created the concept direction, style of and helped in person during the photo shoot in New York on August 6th and 7th.

15. I went to India with a staff member from my New York office from August 11th to the 22nd to have samples manufactured by the local factories in India for Country Girl line in time for the Magic show in Las Vegas.

16. I spent from August 27th to September 2nd, 2005 in Las Vegas at the Magic Show helping to set it up and show the line to potential buyers.

17. My company, Art Zulu Inc. is a New York corporation based in Manhattan. I have a small staff who works on the designs. They principally consist of myself, Lora, Lori Dilo, Patricia Konkol , Jeremy Myers and Daniel Flesser, all of them live in New York City and work here.

18. In order to litigate in Ohio, I would have to bear the cost of having these people appear in Ohio to give testimony as to the creative aspects of this whole project. In addition to my staff, I also hired a free-lance graphic designer, Darren Ehardt, who is located in New York City and who worked in my office on this project.

19. My assistant, Marina Storonkin and myself are also located in New York City. My Office Manager,  Shelley Herman, also resides in New York City.

20. The photo shoot that was held on August 6th and 7th was done in upstate New York by a New York photographer. He is located in New York City as well as the Modeling Agency from whom we hired the  model, Mariel Booth ,is located New York City. The hairstylist is located in New York City, the photo labs for the film are in New York City, as well as the use of other resources, e.g., Digital Inc., Kelton Labs and CRC Resources and the production and film coordinator, Darren Ehardt, are all located or reside  and work in New York City.

21. Scott Briskie was here in May of 2005 at the very inception of this project. We also had a meeting on June 23rd at the Peninsula Hotel in New York City to further the project.

22. It is my belief that Scott Briskie was and still is a resident of New York, who travels back

and forth between Ohio and New York City. Although I do not know his New York City
address, his cell phone number bears a New York number, 646-318-0174.

23. Larry Levine, another officer of the defendant corporation, was here on June 23rd, 2005
for a licensing show at Javits Center and stayed at the Peninsula Hotel. I met with him,
Chantell Johnson and Scott Briskie of Earth Tones at the Peninsula Hotel. Richard
Kaplan, who is another employee of the defendant corporation, met with me at my office
in New York City on approximately August 8th, prior to my leaving for India during the
design process. He also came to my office on August 23rd and took all the samples that I
had brought back from India, including original samples for the line and items purchased
for inspiration without discussion with me and delivered them to the defendant in Ohio.
Richard Kaplan, is a sales representative for the defendant and is a New York resident
and travels to Ohio.

24. All of the work on designs, packaging, creative direction on this project was done in New
York City and India by my company and me. The photo shoot took place in New York.

25. Only three days were spent in Ohio for a preliminary meeting to present my ideas. No
actual work was performed in Ohio.

26. Their claiming that some of my work that I delivered was not original and clearly the
testimony of the staff that was involved in putting this whole line together would be
critical witnesses at a trial. They are located in New York City.

27. My company is a small company. Last year we had a gross of approximately $465,000
with a net profit of approximately $100,000.

28. I believe the defendant is a large corporation that can easily afford to litigate this dispute
in New York.

29. If I am required to have this dispute tried in Ohio, I will not be able to afford to do so and
will be literally forced out of business.

30. I submit that in fairness and justice, this Court should retain jurisdictions, stay the Ohio
action and let this matter be tried in this Court.

WHEREFORE, it is respectfully requested that the Order staying the Ohio action be stayed and this Court retains jurisdiction of this action and I be granted such other and further relief as to this Court deems just and proper.

Lora S. Flaugh

Sworn to before me this
/8th day of November, 2005

Notary Public

JOEL S. STERN
Notary Public, State of New York
No. 02ST3838300
Qualified in New York County
Commission Expires Nov. 30, 2005

Ex 1

9/21/2005 (9:59AM) jss
flaugh.lora\summons

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

ART ZULU, INC.,

                                Plaintiff,

        -against-

IMPULSE WEAR, INC.
d/b/a EARTH TONES TRADING CO.,
                            Defendant.

--------------------------------------------------------------------X

Index No. 603 363/05
Calendar No.

Plaintiff designates
New York County as
the place of trial

**SUMMONS**

The basis of the venue
Plaintiff

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer on the Plaintiff's Attorneys within twenty days after the service of this

summons, exclusive of the day of service (or thirty days after the service is complete if this summons

is not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated:      New York, New York
            September 21, 2005

NEW YORK
COUNTY CLERK'S OFFICE

SEP 2 1 2005

NOT COMPARED
WITH COPY FILED

CARB, LURIA, COOK & KUFELD LLP

By: Joel S. Stern, Esq.
*Attorney for Plaintiff*
521 Fifth Avenue, 9th floor
New York, New York 10175
(212) 503-0648

9/21/2005 (11:33 AM) jss
flaugh,lora\complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

ART ZULU, INC.,                                                :        Index No.:

                                    Plaintiff,                 :        VERIFIED COMPLAINT

                    - against -                                :

IMPULSE WEAR, INC.                                             :
d/b/a EARTH TONES TRADING CO.,

                                                               :
                                    Defendant.
-----------------------------------------------------------------------X

       Plaintiff, by Carb, Luria, Cook & Kufeld LLP, its attorney, for its complaint, alleges:

1.      Plaintiff is a corporation duly formed under the laws of the State of New York with offices located in the State of New York, County of New York.

2.      Upon information and belief, defendant is a corporation formed under the laws of the State of Ohio d/b/a Earth Tones Trading Co.

3.      Defendant retained plaintiff to design 10-12 styles of women' garments for the defendants's Country Girl Project - Merchandising and Design in or about July, 2005, for the agreed price of $45,000 plus disbursements for related expenses.

4.      Defendant retained plaintiff to do a Country Girl Photo Shoot for the agreed price of $28,760.63 plus disbursements for related expenses.

5.      Defendant paid $40,000 on account of its outstanding balance.

6.      Plaintiff rendered a statement showing a balance due of $44,208.85

7.      Defendant has failed to pay the balance due of $44,208.85 although duly demanded to do

so by plaintiff.

8.    Defendant has and continues to use the plaintiff's designs in excess of those ordered

without compensating plaintiff for said designs.

9.    Plaintiff supplied defendant with 28 additional designs in excess of the 12 ordered.

10.   The additional designs have a market value of at least $100,000.

11.   Plaintiff has sustained damages on the agreement for the 12 designs and the Photo Shoot

in the sum of $44,208.85 and $150,000 for the additional designs.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of

$194,208.85 with interest from September 1, 2005, together with costs.

CARB, LURIA, COOK & KUFELD LLP

By:    Joel S. Stern, Esq.
       Attorney for Plaintiff
       521 Fifth Avenue, 9th floor
       New York, New York 10175
       (212) 503-0648

<u>VERIFICATION</u>

STATE OF NEW YORK     }

                              }     ss.:

COUNTY OF NEW YORK   }

       LORA FLAUGH, being duly sworn, says:

       I am the president of plaintiff in the within action and have read the foregoing **Verified**

**Complaint** and know the contents thereof; the same is true to deponent's own knowledge,

except as to the matters therein stated to be alleged on information and belief, and that as to

those matters deponent believes it to be true.

                                     LORA FLAUGH

Sworn to before me this
21st   day of September, 2005

Notary Public

ROBERT GUNN
Notary Public, State of New York
No. 4932821
Qualified in Suffolk County
Certificate Filed In New York County
Commission Expires____8/1/06____

Ex. 2

9/22/2005 (11:08AM) jss
flaugh.lora\aff-service
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

ART ZULU, INC.,                                              :        Index No.: 603363/05

                                    Plaintiff,               :        **AFFIDAVIT OF SERVICE**

                    - against -                              :

IMPULSE WEAR, INC.                                          :
d/b/a EARTH TONES TRADING CO.,
                                                            :
                                    Defendant.
--------------------------------------------------------------------X

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )

GOKHAN TEZGOR, being duly sworn, says:

1.      I reside at 512 East 5th Street, Apt. 43, New York, New York 10009.

2.      I served the Summons and Compliant in the above action on Richard Kaplan, a Vice

        President of Sales and Marketing of the defendant, Impulse Wear, Inc. d/b/a Earth Tones

        Trading Co., at the Coterie Trad show being held on Pier 88 on the West Side Highway

        between 49th and 50th Street, New York City on September 21, 2005 at approximately

        3:25 pm.  Mr. Richard Kaplan can be described as a white male, approximately 5'10" in

        height, approximately 180 lbs and wearing a navy blue blazer and white shirt.


                                            GOKHAN TEZGOR

Sworn to before this
27th day of September, 2005

Notary public

ROBERT GUNN
Notary Public, State of New York
No. 4932821
Qualified in Suffolk County
Certificate Filed In New York County
Commission Expires_____8/1/06

Ex. 3

JOHN O'GRADY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

EARTH TONES TRADING COMPANY LLC
2241 CITYGATE DRIVE
COLUMBUS, OH 43219-0000,

                                05CVH-09-10006

              PLAINTIFF,
          VS.                   CASE NUMBER
ART ZULU INC
1333 BROADWAY
SUITE 301
NEW YORK, NY 10018-0000,

              DEFENDANT.

              **** SUMMONS ****          10/11/05

TO THE FOLLOWING NAMED DEFENDANT:
      LORA FLAUGH
      1333 BROADWAY
      SUITE 301
      NEW YORK, NY 10018-0000

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:   EARTH TONES TRADING COMPANY LLC
      2241 CITYGATE DRIVE
      COLUMBUS, OH 43219-0000,

                                            PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
      DOUGLAS J. SEGERMAN
      MCFADDEN,WINNER,SAVAGE
      175 S 3RD STREET
      SUITE 210
      COLUMBUS, OH 43215-5134

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

JOHN O'GRADY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  SANDY THOMAS, DEPUTY CLERK

                                            (CIV370-S03)

IN THE COURT OF COMMON PLEAS OF
FRANKLIN COUNTY, OHIO

EARTH TONES TRADING COMPANY, L.L.C.
2241 Citygate Drive
Columbus, Ohio 43219

          Plaintiff,

   vs.

ART ZULU, INC.
1333 Broadway
Suite #301
New York, New York 10018

   and

LORA FLAUGH
1333 Broadway
Suite #301
New York, New York 10018

   Defendants.

05CVH09 10006

Case No. _____

Judge _____

**JURY DEMAND ENDORSED
HEREON**

2005 SEP 12  PM 4: 42
CLERK OF COURTS
FILED COMMON PLEAS COURT

## COMPLAINT

### *Parties*

(1)    Plaintiff, Earth Tones Trading Company, L.L.C. ("Earth Tones"), is

an Ohio corporation with a primary place of business at 2241 Citygate Drive,

Columbus, Ohio 43219. Earth Tones is in the business of creating and selling clothing and apparel.

(2)    Upon reasonable belief, defendant, Art Zulu, Inc. is a New York corporation with its primary place of business at 1333 Broadway, Suite #301, New York, New York 10018. Art Zulu is a creative design house specializing in launching new product lines for established brand leaders and creating innovative brand concepts and marketing plans for clothing and apparel.

(3)    Defendant, Lora Flaugh, is the President of Art Zulu, Inc. Her address is 1333 Broadway, Suite #301, New York, New York 10018.

## Jurisdiction

(4)    The business transaction conducted by the defendants which gives rise to the claims for relief asserted in this lawsuit began in Franklin County, Ohio and were continued through Defendants contacts with the State of Ohio, including correspondence directed to the plaintiff's office in Ohio.

## Background

(5)    On or about July, 2003, Lora Flaugh had contact with Earth Tones in Franklin County, Ohio about providing services to Earth Tones through her company Art Zulu.

(6)    Flaugh and an associate flew to Columbus, Ohio to meet with Earth Tones personnel regarding the creation of a new and original line of clothing. Flaugh represented that Art Zulu would be able to create such a line of clothing.

(7)    In justifiable reliance upon those representations, Earth Tones entered into a contract with Art Zulu whereby Earth Tones would pay Art Zulu to provide it with unique designs for its clothing and apparel.  The contract is attached hereto as Ex. A.  Earth Tones paid Art Zulu $40,000 pursuant to the contract.

(8)    In furtherance of the contract, Earth Tones incurred significant costs in research and development, including flying 2 representatives of Art Zulu to India to create and manufacture this new line of clothing.

(9)    In furtherance of the contract, Art Zulu provided to Earth Tones clothing and goods that Lora Flaugh represented were unique.  Lora Flaugh was obligated to pay artists who created the unique designs.  Plaintiff has learned that she failed to do so resulting in damage to plaintiff.

(10)    In furtherance of the contract, Earth Tones expended significant financial resources to market the unique designs created by Art Zulu, including but not limited creating a sales booth, paying for sales space at 2 trade shows (in Las Vegas and New York), and paying for travel and personnel to be at the

3

shows. The cost expended to date in marketing the "new" line of clothing is in excess of $100,000.

(11)    Earth Tones was able to market the designs provided by Art Zulu to its customers and to date had written over $57,000 in sales.

(12)    Earth Tones learned, however, that the designs sold to it, which were represented by Art Zulu and Lora Flaugh to be unique, were in fact copies of clothing and merchandise already available in the marketplace. Earth Tones does not and will not sell copied merchandise.

(13)    Upon learning that the designs were not unique or original, Earth Tones immediately suspended all sales of the Art Zulu provided merchandise and escorted Lora Flaugh from its sales booth.

(14)    Lora Flaugh returned later that day and without authority, wrongfully took merchandise owned by Earth Tones including boots, jeans, tops, jackets, and shirts in an effort to cover up her wrongful conduct. Further, upon returning she pushed a 61 year old representative of Earth Tones and made untruthful and inflammatory statements regarding Earth Tones in front of its customers.

(15)    As of this date, Lora Flaugh has not returned the wrongfully misappropriated merchandise.

4

(16)    Based upon Earth Tones knowledge of Defendants' conduct and

Earth Tones' policy regarding copied merchandise it could not process a

significant portion of the $57,000 in orders that had been written.

### Count 1
### (Conversion)

(17)    Earth Tones incorporates paragraphs (1) through (16), inclusive.

(18)    Defendants exercised wrongful dominion and control over assets

that she knew belonged to Earth Tones.

(19)    As a consequence, Earth Tones has been damaged in an amount to

be proven at the trial of this matter but in excess of $25,000.

### Count 2
### (Fraud)

(20)    Earth Tones incorporates paragraphs (1) through (19), inclusive.

(21)    Defendants represented to Earth Tones that the designs and

merchandise Art Zulu was selling it was original and its own design.  Impulse

Wear paid defendants in reasonable reliance upon the material representations

that the designs were original.  Further, in reliance upon those material

misrepresentations, Impulse Wear invested significant resources in research and

development, and in attending two shows in Las Vegas and New York.  The

statements made by the defendants were false and they knew that they were

false. Designs that defendants provided to Earth Tones were from other designers and the defendants knew this to be the case.

(22) As part of the contract between Art Zulu and Earth Tones, defendants agreed to pay artists for their designs. Impulse Wear paid defendants in reasonable reliance upon the material representations that the artists would be paid. The statements made by the defendants regarding payment of artists were false and they knew that they were false.

(23) Defendants failed to pay an artist for his artwork and as a result Earth Tones had to pay the artist directly.

(24) As a result of defendants' fraudulent misrepresentations, plaintiff has been damaged in an amount to be proven at trial of this matter but in excess of $25,000. Defendants are also liable to plaintiff for punitive damages.

## Count 3
### (Unjust Enrichment)

(24) Earth Tones incorporates paragraphs (1) through (23) inclusive.

(25) Defendants will be unjustly enriched if they are allowed to retain the monies wrongfully received from Earth Tones.

(26) As a result of defendants' unjust enrichment, plaintiff has been damaged in an amount to be proven at trial of this matter but in excess of $25,000.

6

*Count 4*
(Breach of Contract – Art Zulu)

(27)    Earth Tones incorporates paragraphs (1) through (26) inclusive.

(28)    Earth Tones contracted with Art Zulu to create an original clothing line for $45,000.  Earth Tones has performed its parts of the contract.

(29)    All conditions precedent to Art Zulu's obligation to provide Earth Tones with a unique and original clothing line have occurred or were waived. Despite demand, Art Zulu has failed to provide Earth Tones with a unique and original clothing line.

(30)    As a result of defendant, Art Zulu's, breach of contract, plaintiff has been damaged in an amount to be proven at trial of this matter but in excess of $25,000.

**WHEREFORE**, the foregoing premises considered, plaintiff, Earth Tones Trading Company, Inc. demands judgment for the actual damages resulting from defendants' fraud, conversion, unjust enrichment and breach of contract as may be shown at trial, but not less than $25,000 plus punitive damages in an amount to be determined, attorney's fees, costs and any other relief, legal or equitable, as is appropriate.

Respectfully submitted,

7

James S. Savage                    (0019292)
Douglas J. Segerman                (0064779)
**McFadden, Winner and Savage**
175 South Third Street, Suite 210
Columbus, Ohio  43215-5134
Telephone:     (614) 221-8868
Fax:           (614) 221-3985
Email: jssavage@earthlink.net
        djsegerman@earthlink.net
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by a jury composed of the maximum number of jurors allowed at law.

Douglas J. Segerman

8

A

# ART ZULU INC.

1333 Broadway
Suite #301
New York, NY 10018
212-868-0377/Fax 212-868-0386

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 7/18/2005 | 73162 |

**BILL TO**

Earth Tones Trading Co
2241 Citygate Drive
Columbus, Ohio  43219
Att:  Larry Levine/Scott Briskie

| **TERMS** |
|-----------|
| As Below |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Country Girl Project - Merchandising and Design as per agreement | 40,000.00 |
| | |
| Develop and merchandise brand categories | |
| Prepare line plan | |
| Develop theme and concept for launch | |
| Establish color palette | |
| Create art work | |
| Select trim and fabrications | |
| Design styles | |
| Prepare line sheet | |
| Create tech packs | |
| Create brand packaging and visual assets | |
| | |
| Payment Terms: | |
| $15,000.00 at start of project - to be received by Art Zulu by July 22, 2005 (via overnite mail) | |
| $15,000.00 due August 5, 2005 | |
| $10,000.00 due August 19, 2005 | |

| We are looking forward to this project | **Total** | $40,000.00 |
|----------------------------------------|-----------|------------|



## Country Girl Creative Outline

Art Zulu presents:

### Country Girl project overview:

**Create Brand Identity**
Create Brand Identity Brochure

**Research Brand History**
Create Brand Image and Marketing Distribution Strategy

**Mission Statement**
Brand Vision
Company Mantra

**The Face of the Brand**
Defining the core customer
What the Brand has to Offer

**Competitive Analysis**
Competitive marketing analysis of brand in direct
competition with Country Girl Research and analysis of
demographic target market distribution strategy
Create a modern direction for the fashion brand that will
inspire the vision of Country Girl

**Merchandising**
Develop and merchandize product categories
Determine exact product list
Prepare line plan lay out for the collection
Line Sheets

**Design Review**
Fashion and Product Design
Shop trends in US and International Markets
Purchase samples/fabrications
Develop Themes/Concepts for the launch
Establish color palette each season
Create artwork and graphics
Select trims and fabrications
Design styles for the brand
Create line sheets

**Tech Packs**
Tech Packs to include:
Flat sketches/Spec Sheets
Description of garment
Fabrics/Trims/Pantone Colors
Art details/Graphic layout, placement,
and size with pantone colors

**Brand Competitive Analysis**
Access the Landscape that the brand competes with

**Create Brand Packaging Visual Assets**
Logo/Icon (Signature)
Create labels/hang tags
In-store displays and signage
Imaging concept for in-store shop
Branding elements that can be extended into showroom

**Advertising Campaign Concepts**
Conceptualize the vision for the advertising campaign

**Multimedia Presentation**

Visual representation of the brand
Presentation that captures the look the feel of the brand
Product exhibition and comprehensive business initiatives
Presented to retail management
Multimedia presentation and ad campaign will be
incorporated onto the official website to reiterate brand value

**Public Relations Efforts**

Lay out PR and Marketing Strategies
Act as liaison with in-house team
Begin editorial planning and targeting
Develop feature stories
Establish relationships with all key editors
Follow up and phone calls to all key editors, writers, stylists
Develop press kits and press materials
Conceptualize and organize events
Create cross brand marketing opportunities
Find sponsors and sponsorship opportunities

**Press Kits**

Press Kits to include:
Biography
Company profile
Press Release
Images
Press kit will be sent to:
Consumer magazines
Major Market Print Placement
Syndicates and Wire Services etc.
General Interest Magazines
Trade Publications Business
Advertising & Marketing Publication
Freelance Stylists and Producers
Television
Internet

**Events**

Launch Events for press, key editors, celebrities, and
fashion trendsetters

Ex. 4

## Joel S. Stern

**From:** Doug Segerman [djsegerman@earthlink.net]

**Sent:** Wednesday, November 16, 2005 10:26 AM

**To:** 'Joel Stern'

**Cc:** 'Adam Rader'; 'Larry Levine'

**Subject:** Re: Impulse-ArtZulu

Joel:

Adam has passed on your request that we stay the Ohio action. As you can tell from the motion that we filed in New York, the Ohio action was first pending and takes priority over the New York action. Accordingly, we will continue to proceed with the Ohio case.

Please feel free to contact me if you have any questions.

Doug

Douglas J. Segerman, Esq.
**McFadden, Winner & Savage**
175 S. Third St., Suite 210
Columbus, Ohio 43215
V: 614-221-8868
F: 614-221-3985

Ex 5

**ART ZULU INC.**                                          **Invoice**

1333 Broadway
Suite #301
New York, NY 10018
212-868-0377/Fax 212-868-0386

| DATE | INVOICE # |
|------|-----------|
| 7/18/2005 | 73162 |

| BILL TO |
|---------|
| Earth Tones Trading Co<br>2241 Citygate Drive<br>Columbus, Ohio 43219<br>Att:  Larry Levine/Scott Briskie |

| TERMS | DUE DATE |
|-------|----------|
| As Below | 7/22/2005 |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Country Girl Project - Merchandising and Design as per agreement | 45,000.00 |
| | |
| Develop and merchandise brand categories | |
| Prepare line plan | |
| Develop theme and concept for launch | |
| Establish color palette | |
| Create art work | |
| Select trim and fabrications | |
| Design styles  (10-12) | |
| Prepare line sheet | |
| Create brand packaging and visual assets | |
| | |
| | |
| Payment Terms: | |
| $15,000.00 at start of project - to be received by Art Zulu by July 22, 2005 (via overnite mail) (recd) | |
| $15,000.00 due August 5, 2005 | |
| $10,000.00 due August 19, 2005 | |
| $ 5,000.00 due Aug 22, 2005 - on delivery of samples of Country Girls styles | |
| | |
| Corrected Invoice - replaces and supercedes invoice previously sent | |

| We are looking forward to this project | **Total** | $45,000.00 |
|---|---|---|

Ex. 6

Subj:    **RE: Photo Shoot and India**
Date:    7/29/2005 1:15:36 PM Eastern Standard Time
From:    sbriskie@ImpulseWear.com
To:      ARTZULU@aol.com

We need to talk. I am not paying another $10,000.

When this project started at $85K I said I was willing to pay $40K. You negotiated the deal up to $45K and I agreed. Now you are telling me you need $55K. I do not understand. When you agreed to do the project for $45K only a week and a half ago, how did you think the samples would be made? You need to look at other options if India is going to cost me $10K plus expenses. You agreed to deliver the sample line for $45, not $55.

Scott Briskie
President & COO

---

**From:** ARTZULU@aol.com [mailto:ARTZULU@aol.com]
**Sent:** Friday, July 29, 2005 12:58 PM
**To:** Scott Briskie
**Subject:** Photo Shoot and India

Dear Scott:

Attached please find our cost proposal for the photo shoot. A photo shoot is normally between $45-$100K. This amount is really good. Let me know or let's discuss this today as time is of the essence.

I also came up with the additional amount for India and additional services. $10,000.00 is a reasonable amount. Please call asap to discuss.

Best Regards
Lora
Lora Flaugh
President
Art Zulu Inc.
212-868-0377

(Travel and accomodations would be billed seperately for the India trip)

- Lora-

Thursday, August 11, 2005 America Online: ARTZULU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ART ZULU, INC.,                                    :        05-CV-8735 (BSJ)

                 Plaintiff,          :

      - against -                          :        **CERTIFICATE OF SERVICE**

IMPULSE WEAR, INC.                                 :
d/b/a EARTH TONES TRADING CO.,

                       :

                 Defendant.
------------------------------------------------------------X

       I am counsel of records for the plaintiff in the above-captioned action and am duly admitted to practice law in the State of New York and the United States District Court of the Southern District of New York. I do hereby certify that a true copy of the foregoing Order to Show Cause was served by personal service on the 21st day of November, 2005 upon:

**LACHER & LOVELL-TAYLOR**
**Attorneys for Defendant**
**750 Lexington Avenue**
**New York, New York 10021**
**Attention: Adam J. Rader**

Dated: November 21, 2005
       New York, New York

                                   Joel S. Stern (JSS 4522)