UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

ART ZULU, INC.,

Civil Action No.
05 CV 8735 (BSJ)

Plaintiff,

-against-

IMPULSE WEAR, INC.
d/b/a EARTH TONES TRADING CO.,

Defendant.
-----------------------------------------------------X

DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
TO STAY THE OHIO ACTION PENDING
THE RESOLUTION OF THE NEW YORK ACTION
-AND-
REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS

## I. THE OHIO ACTION CANNOT BE STAYED UNDER THE ANTI-INJUNCTION ACT, 28 U.S.C. §2283

Congress explicitly limited the authority of federal courts to interfere with state court proceedings by enacting the Anti-Injunction Act, 28 U.S.C. §2283. It provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In the Chick Kam Choo[1] case, the United States Supreme Court emphasized that the exceptions to the prohibition on staying state court proceedings "are narrow and are 'not [to] be enlarged by loose statutory construction.'" As it had stated earlier, "[a]ny doubt must be resolved against the finding of an exception to §2283."[2]

Since none of the exceptions apply, this Court is not authorized to stay the Ohio action.

**(A) The "Act Of Congress" Exception Does Not Apply.**

Jurisdiction in this case is grounded solely on diversity of citizenship. Plaintiff pleads a straight-forward breach of contract claim. There is not any "Act of Congress" that provides an exception for a breach of contract claim.

---

1 Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988) (*quoting* Atlantic Coast Line R. Co. v. Brotherhood of Locomotic Engineers, 398 U.S. 281, 287 (1970).

2 Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 643 (1977).

**(B) The "Necessary In Aid Of Jurisdiction" Exception Only Applies To *In Rem* Proceedings.**

In refusing to enjoin a pending case in state court, this Court in Attick held as follows:

> ... The "necessary in aid of its jurisdiction" exception applies when a state court proceeding threatens to dispose of property which is the basis for federal *in rem* jurisdiction. Consequently, it does not apply to this case, where Dana asserts *in personam* jurisdiction over FC Bank.[3]

More recently, in the Retirement Systems of Alabama[4] case, the Second Circuit clarified the limited scope of the "necessary in aid of jurisdiction" exception. The court explained the rationale for limiting the exception to *in rem* proceedings as follows:

> ... A federal court with jurisdiction over an *in rem* action may enjoin a later-filed state court action involving the same *res*, because the effect of filing the *in rem* action in federal court "is to draw to the federal court the possession or control, actual or potential, of the *res*," and a state court's exercise of jurisdiction "necessarily impairs, and may defeat," the federal court's jurisdiction. (citation omitted) In contrast, an *in personam* action involves a controversy over liability rather than over possession of a thing: "[A] controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to

---

3 Attick v. Valeria Associates, 835 F.Supp. 103, 114-115 (S.D.N.Y. 1992); see also Pridgen v. Andresen, 891 F.Supp. 733, 738 (D. Conn. 1995) ("The necessary in aid of jurisdiction exception only applies when a state court proceeding threatens to dispose of property which forms the basis for federal *in rem* jurisdiction.").

4 Retirement Systems of Alabama v. J.P. Morgan Chase & Co., 386 F.3d 419 (2nd Cir. 2004).

> enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending." (citation omitted).[5]

Although "the Supreme Court has never held that a district court may enjoin, as necessary in aid of the district court's jurisdiction, a parallel *in personam* state action,"[6] the Second Circuit held that a district court, "in a class action proceeding so far advanced that it was the virtual equivalent of a *res*,"[7] could enjoin a pending *in personam* state proceeding to prevent inference with a class action settlement.[8]

Neither this action nor the Ohio action are actions *in rem*. Rather, both are *in personam* actions to determine liability for damages. Accordingly, the second exception does not apply.

---

5 Id at p. 426 (*quoting* Kline v. Burke Construction Co. 260 U.S. 226, 229-230 (1922).

6 Id.

7 Id. at p. 427.

8 Id.

**(C) The Third And Final Exception Does Not Apply Because This Court Has Not Entered Final Judgment On The Merits Of This Case.**

The third, and final, exception "is commonly referred to as the relitigation exception."[9] Under the relitigation exception, "a federal court may halt state litigation that might undermine some of the res judicata or collateral estoppel effects of a federal judgment."[10] However, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings *actually* have been decided by the federal court."[11]

Since this Court has not decided the merits of this action and entered final judgment, the "relitigation exception" cannot apply. As this Court recently emphasized in refusing to stay a pending state court action:

---

9 Hutton Construction Co. v. The County of Rockland, 1997 WL 291954 at *2 (S.D.N.Y., June 2, 1997); see also Attick v. Valeria Associates, LP, 835 F.Supp. 103, 115 (S.D.N.Y. 1992) ("The 'protect or effectuate its judgment' exception, also referred to as the 'relitigation' exception, applies only to matters already fully adjudicated, and judgments already entered, by a federal court.").

10 Staffer v. Bouchard Transp. Co., Inc. 878 F.2d 63, 641 (2d Cir. 1989).

11 Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988) (emphasis added); accord In re Agent Orange Product Liability Litigation, 996 F.2d 1425, 1432 (2d Cir. 1993).

> ... This Court lacks the powers to put a stop to the claims against National Union in the Texas Action in the interim, before a judgment on the merits is reached in the present case, .... The third exception, known as the "relitigation exception," ... cannot be used to prevent simultaneous state court litigation before *res judicata* or collateral estoppel attaches to the judgment of the federal court. ...[12]

**(D) The Only Legal Authority Relied Upon By Plaintiff In Support Of A Stay Did Not Involve A Pending State Court Action.**

In its memorandum in support of a stay, the plaintiff does not discuss or even cite the Anti-Injunction Act, 28 U.S.C. §2283. As authority for a stay, plaintiff cites a single case -- Ivy-Mar Co., Inc.[13]

In that case, this Court applied the "first filed" rule to enjoin continued prosecution of a case involving the same parties in the United States District Court for the Northern District of Illinois. Unlike that case, the case *in this court* was filed first -- not second. More fundamentally, since the competing case was in federal court, the Anti-Injunction Act did not apply.

---

[12] National Union Fire Ins. Co. v. Turbi De Angustia, 2005 WL 2044930 at *4 (S.D.N.Y., August 23, 2005).

[13] Ivy-Mar Company, Inc. v. Weber-Stephen Products Co., 1993 WL 535166 (S.D.N.Y., December 22, 1993).

## II. THIS ACTION SHOULD BE DISMISSED TO ELIMINATE DUPLICATIVE LITIGATION SINCE THE OHIO ACTION CANNOT BE STAYED.

Since the Ohio case cannot be stayed, it will proceed to final judgment in accordance with the case schedule already established by that court.[14]

The "first filed" rule is applied to concurrent federal cases.[15] When the "first filed" case is in state court, under the United States Supreme Court's decision in Colorado River, abstention is authorized under "considerations of "[w]ise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"[16] The relevant factors are similar,[17] but the avoidance of piecemeal, duplicative litigation is the single most important factor[18].

---

[14] Exhibit B to Segerman Affidavit.

[15] Radioactive v. Manson, 153 F.Supp.2d 462, 473 n. 9 (S.D.N.Y. 2001).

[16] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (quoting Kerotest Mfg. Co. v. C-0-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

[17] (1) assumption of jurisdiction over a *res*; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights. Burnett v. Physicians Online, Inc., 99 F.3d 72, 76 (2nd Cir. 1996) (*quoting* Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).

[18] This action was initially filed in New York State Court and then removed to this Court. Under New York State law, dismissal of this action would have also been appropriate pursuant to CPLR 3211 ( a) (4). See, e.g., White Light Prods., Inc. v. On The Scene Prods., Inc. , 231 A.D.2d 90, 96 (First Dept. 1997).

Under remarkably similar facts, earlier this year, in the Mouchantaf[19] case, this Court concluded to abstain and granted a motion to dismiss. That case also involved an earlier-filed state case, which remained pending. One defendant in the pending state case, as plaintiff, filed suit in New York state court against the party that had already sued it in state court, and the case was removed to this Court.

In granting the motion, this Court emphasized the importance of avoiding piecemeal and duplicative litigation:

> The predominant concern expressed in *Colorado River* and its progeny is "the avoidance of piecemeal or purely duplicative and the concomitant waste of judicial resources." *Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F.Supp. 501, 508 (S.D.N.Y. 1992). This factor is of paramount importance in this case. Given the identity of issues in the state and federal actions, the existence of concurrent proceedings creates "the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first, [which would be] prejudicial, to say the least, to the possibility of reasoned decision making by either forum." (citation omitted) Moreover, the potentiality for inconsistent dispositions of claims might "breed additional litigation on assertions of claim and issue preclusion," which would clearly be wasteful. *Id*.
>
> Since the New York and Arizona actions center on identical issues and are inextricably intertwined, the avoidance of piecemeal and duplicative litigation is a decisive factor favoring abstention in this case. (citations omitted).[20]

---

19 Mouchantaf v. International Modeling and Talent Association, 368 F.Supp.2d 303 (S.D.N.Y. 2005).

20 Id. at p. 307.

Similarly, the Ohio action and this case "center on identical issues and are inextricably intertwined." In the Ohio action, defendant seeks damages from plaintiff for breach of contract, conversion, fraud, and unjust enrichment. In this action, plaintiff seeks damages from defendant for breach of the exact same contract. Since the claim asserted by plaintiff in this dispute arose out of the same contract that forms the basis for the Ohio action, it is a compulsory counterclaim that must be asserted in that action.[21] The Ohio action also involves an additional party -- Lora Flaugh -- who is not a party in this case. Ms. Flaugh is plaintiff's President and was individually joined in the Ohio action because of tortious conduct related to these parties' business dealings.[22] Therefore, the Ohio action will completely resolve the entire dispute between these and related parties. As in Mouchantaf, therefore, the "avoidance of piecemeal and duplicative litigation is a decisive factor favoring abstention in this case."[23]

---

21 Ohio R. Civ. P. 13(A).

22 Part of that tortious conduct occurred while she visited Ohio to negotiate the contract. (Segerman Aff., ¶4; Complaint in Ohio case, ¶¶6, 7, 9, 12). Therefore, personal jurisdiction exists over Ms. Flaugh. However, Ms. Flaugh has not challenged personal jurisdiction in the Ohio case.

23 Id.; see also Radioactive v. Manson, 153 F.Supp.2d 462, 475 (S.D.N.Y. 2001) (ordering dismissal on abstention grounds) ("..., the existence of duplicative litigation ... weighs heavily in favor of abstention."); Charter Oak Fire Ins. Co. v. Bokharian Jewish Community Centers, Inc., 2002 WL 59420 at *2 (S.D.N.Y., January 16, 2002) (ordering dismissal on abstention grounds) ("The third factor, the danger of piecemeal litigation, is the paramount consideration (citation

The remaining factors are either neutral[24] or favor abstention. Garden variety issues of state law govern disposition of the dispute[25] and there is no reason to believe that the Ohio state court cannot protect plaintiff's procedural and substantive rights or that the full range of remedies are not available to it.[26] Plaintiff cannot dispute that the Ohio action was filed first and has progressed further. A case schedule has been issued for disposition of the case and written discovery has been served.[27]

The remaining (and most hotly contested factor), of course, is the convenience of the parties. Defendant is located in Ohio. Plaintiff is located in New York. Defendant's business records are located in Ohio. Plaintiff's business

---

omitted). Multiple actions can lead to disparate results and this is to be avoided. The claim of Charter Oak here and Havorate in the state action are interdependent because both suits arise out of the same occurrence."); American Alliance Ins. Co. v. Eagle Ins. Co., 961 F.Supp. 652, 656 (S.D.N.Y. 1997) (ordering dismissal on abstention grounds) ("As the suits all arise out of the single water main failure, they should be tried in one forum. Maintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort.").

24 There is no *res* at issue, so the first factor is irrelevant.

25 See Loral Fairchild Corp. v. Matsushita Electric, 840 F.Supp. 211, 217 (S.D.N.Y. 1994) (ordering dismissal on abstention grounds) ("when state law will apply to the bulk of the claims this factor will weigh in favor of federal court abstaining.").

26 Mouchantaf, supra, at p. 308. The Ohio Civil Rules are based on the federal rules of civil procedure.

27 The case schedule is attached as Exhibit B to the Segerman Affidavit. In his affidavit, plaintiff's counsel concedes that he was served with written discovery.

records are located in New York. Each party has identified a number of witnesses with ties to Ohio or New York. What should tip the balance in favor of Ohio, however, is where the events going to the heart of the dispute occurred. In her affidavit, Ms. Flaugh admitted that she solicited defendant's business by sending an email to Ohio on or about June 30, 2005.[28] She chose to travel to Ohio where the terms of the parties' agreement were negotiated over two or three days after having solicited Earth Tones' business in Ohio.[29] The terms of the agreement were negotiated face to face with two businessmen for Earth Tones located in Ohio -- Larry Levine and Scott Briskie.[30] Who said what to whom in Ohio during those two or three days is the critical evidence on the critical disputed point -- what are the terms of the parties' agreement and what representations were (or were not) made by Ms. Flaugh while she was in Ohio.

---

28 Flaugh Aff., ¶3. That she solicited defendant's business will be fatal to any challenge to personal jurisdiction.

29 Larry Levine Aff., ¶3.

## III. CONCLUSION

Accordingly, the dispute between these parties should be adjudicated in the pending Ohio action. This Court does not have the authority to stay the Ohio action, so, if this lawsuit proceeds as well, all the problems of duplicative, piecemeal litigation will be realized. Art Zulu's motion to stay should be denied and Earth Tones' motion to dismiss should be granted.

Dated: New York, New York
November 28, 2005.

LACHER & LOVELL-TAYLOR.

By: ______________________
Adam J. Rader (AR-3530)
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10021
(212) 872-1500

OF COUNSEL:

James S. Savage, Esq.
Douglas J. Segerman, Esq.
**McFadden Winner and Savage**
175 South Third Street, Suite 210
Columbus, Ohio 43215-5134
(614) 221-8868

---

30 Id.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served, via hand-delivery, this 28th day of November, 2005 to the following:

Joel Stern, Esq.
Carb, Luria, Cook & Kufeld, LLP
521 Fifth Avenue, 9th Floor
New York, New York 10175

Adam J. Rader